**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMON SALAZAR-CERVANTES,

Defendant-Appellant.

No. 07-4212

District of Utah

(D.C. No. 2:06-CR-006 TC-5)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Plaintiff-Appellee Ramon Salazar-Cervantes pleaded guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. Although the district court calculated a guidelines range of 168-210 months, the court sentenced him to the statutory mandatory minimum of ten years. Mr. Salazar-Cervantes now seeks to

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal that sentence on the ground that the facts that triggered application of the mandatory minimum were neither admitted nor found by a jury.

As part of his plea agreement, Mr. Salazar-Cervantes waived his right to appeal any sentence imposed upon him, with certain exceptions not applicable here. The agreement stated that he had decided to enter the plea "after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." Dist. Dkt. Doc. 369, at 7. At the change of plea hearing, he orally confirmed that he understood that he was waiving his right to appeal the sentence. In its appellate brief, the government moves for enforcement of the plea waiver and dismissal of the appeal. In his opening brief, the defendant does not mention the appeal waiver, and offers no reason why it should not be enforced. The defendant did not file a reply brief.

We have examined the record and conclude that the appellate waiver in this case satisfies the criteria set forth in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). We therefore **DISMISS** this appeal.

Entered for the Court

Michael W. McConnell
Circuit Judge